UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOYCE WHITE, et al.,

Plaintiff(s),

v.

CHIME FINANCIAL INC.,

Defendant(s).

CASE NO. C25-1361-KKE

**STIPULATED PROTECTIVE ORDER**

**1. PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

**2. PROTECTED MATERIAL**

"Confidential Material" shall include the following information, documents, and tangible things produced or otherwise exchanged that are designated as "CONFIDENTIAL" by the producing party that fall within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) proprietary research, technical, commercial, marketing,

sales, or financial information that the producing party has maintained as confidential; (c) court records, whether in this District or other courts, currently maintained under seal; (d) information subject to a non-disclosure or confidentiality agreement; (e) commercially sensitive information belonging to third parties; (f) personal identity information for any natural person, including current and former street addresses, Social Security numbers, telephone numbers, email addresses, dates of birth, driver's license numbers, account numbers, maiden names, passwords, and other personally identifying or financial-account information; (g) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (h) personnel or employment records of a person who is not a party to the case; or (i) any information that is subject to federal, state, or foreign data protection laws. Information or documents that are available to the public may not be designated as Confidential Material.

"Attorney's Eyes Only Material" shall include information, documents, and tangible things produced or otherwise exchanged that qualify as Confidential Material, the nature of which is so highly confidential that the designating party in good faith believes that it risks competitive or personal harm or injury through that material's disclosure.

Confidential Material and Attorney's Eyes Only Material are "Protected Material."

**3. SCOPE**

The protections conferred by this agreement cover Protected Material (as defined above), as well as (1) any information copied or extracted from such material; (2) all copies, excerpts, summaries, or compilations of such material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal such material.

However, the protections conferred by this agreement do not cover information that (a) is in the public domain or becomes part of the public domain through trial or otherwise; (b) any non-producing party owns or lawfully possesses or obtains lawfully and properly through its own investigation or other means (i.e., not from the producing party); or (c) is produced without a confidentiality designation, except as otherwise provided in this agreement (see, e.g., Section 5.3 below) or as otherwise stipulated or ordered.

**4. ACCESS TO AND USE OF PROTECTED MATERIAL**

4.1 **Basic Principles**. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2 **Disclosure of Confidential Material**. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Confidential Material only to:

(a) The parties to this action, including their officers, directors, and employees (including in-house counsel) to whom disclosure is reasonably necessary for this litigation;

(b) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff, including any court reporter, videographer reporting or third party who is necessary to resolve a technological issue during a deposition that court reporters, videographers, and their staff are unable to resolve;

(e) copy or imaging services or e-discovery vendors retained by counsel to assist in the duplication, storage, hosting, processing, review, production, or analysis of Confidential Material, provided that counsel for the party retaining the service or vendor instructs it not to disclose any Confidential Material to third parties, to maintain the material securely, to use the material only for this litigation, and to promptly return, destroy, or delete all originals and copies of any Confidential Material when its work is complete;

(f) during their depositions or while preparing with their counsel for their depositions, witnesses in the action to whom disclosure is reasonably necessary for the testimony

or preparation and who have signed the “Acknowledgment and Agreement to Be Bound” (Exhibit A) before disclosure, unless the witness is otherwise bound by this agreement, the designating party agrees otherwise, or the Court orders otherwise. No witness may retain copies of Confidential Material after the deposition or preparation session unless otherwise authorized by this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Material must be separately bound in any hard copy transcript and separately compiled in any electronic transcript by the court reporter and may not be disclosed to anyone except as permitted under this agreement.

(g) mediators or settlement officers, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

(h) individuals indicated to be the originator, author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) professional jury or trial consultants, mock jurors, and litigation-support vendors hired in connection with this case to whom disclosure is reasonably necessary for this litigation and who have signed the “Acknowledgement and Agreement to Be Bound” (Exhibit A);

(j) other persons by written agreement of the designating party.

4.3 **Disclosure of Attorney’s Eyes Only Material.** Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose any Attorney’s Eyes Only Material only to:

(a) the receiving party’s counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the receiving party’s in-house counsel (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the “Acknowledgment and Agreement to Be Bound” (Exhibit A);

(c) experts and consultants (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the “Acknowledgment and Agreement to Be Bound” (Exhibit A),

and (3) as to whom the procedures set forth in Section 4.4 apply and have been followed;

(d) experts and consultants (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) who are not subject to the procedures set forth in Section 4.4.

(e) the Court, court personnel, and court reporters and their staff, including any court reporter, videographer reporting or third party who is necessary to resolve a technological issue during a deposition that court reporters, videographers, and their staff are unable to resolve;

(f) copy or imaging services or e-discovery vendors retained by counsel to assist in the duplication, storage, hosting, processing, review, production, or analysis of Attorney's Eyes Only Material, provided that counsel for the party retaining the service or vendor instructs it not to disclose any Attorney's Eyes Only Material to third parties, to maintain the material securely, to use the material only for this litigation, and to promptly return, destroy, or delete all originals and copies of any Attorney's Eyes Only Material when its work is complete;

(g) during their depositions or while preparing with their counsel for their depositions, witnesses in the action to whom disclosure is reasonably necessary for the testimony or preparation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before disclosure, unless the witness is otherwise bound by this agreement, the designating party agrees otherwise, or the Court orders otherwise. No witness may retain copies of Attorney's Eyes Only Material after the deposition or preparation session unless otherwise authorized by this Order. Pages of transcribed deposition testimony or exhibits to depositions that reveal Attorney's Eyes Only Material must be separately bound in any hard copy transcript and separately compiled in any electronic transcript by the court reporter and may not be disclosed to anyone except as permitted under this agreement.

(h) mediators or settlement officers, and their supporting personnel, hired or appointed to address any issue(s) in the litigation;

(i) individuals indicated to be the originator the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the

information;

(j) other persons by written agreement of the designating party.

4.4 **Procedures for Approving or Objecting to Disclosure of Attorney's Eyes Only Material to Certain Experts.**

(a) Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose any information or item that has been designated Attorney's Eyes Only Material pursuant to Section 4.3(c) to an expert who has directly or indirectly been employed by, retained by, or engaged by, or has consulted for, advised, represented, provided services to, or testified for or on behalf of a bank, credit union, nonbank financial services provider, financial technology company, banking-as-a-service provider, sponsor-bank program provider, financial-technology infrastructure provider, money transmitter, payment processor, card issuer, card network, digital wallet provider, peer-to-peer payments provider, earned-wage-access provider, consumer-lending or consumer-credit provider, secured-card provider, deposit-account provider, or any other company offering or servicing consumer financial products or services competitive with or adjacent to Chime's products or services or Chime-branded products or services (collectively, "Potential Competitor") within the last five years, the party first must make a written request to the designating party that (1) identifies the general categories of Attorney's Eyes Only Material that the receiving party seeks permission to disclose to the expert, and (2) sets forth the identity of the Potential Competitor for which the expert has directly or indirectly performed work, the dates during which they performed that work, and a brief description of that work.

(b) A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Attorney's Eyes Only Material to the identified expert unless, within 14 days of delivering the request, the party receives a written objection from the designating party. Any such objection must set forth in detail the grounds on which it is based.

(c) A party that receives a timely written objection must meet and confer with the

designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. A party receiving an objection must also (1) provide the full name of the expert and the city and state of his or her primary residence, (2) attach a copy of the expert's current resume, (3) identify the expert's current employer(s), (4) identify each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (5) identify (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years. If no agreement is reached, the party seeking to make the disclosure to the expert may file a motion seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating for its refusal to approve the disclosure.

In any such proceeding, the party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the protected material to its expert.

4.5 **Filing Protected Material**. Before filing Protected Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue,

and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

## 5. DESIGNATING PROTECTED MATERIAL

5.1 **Exercise of Restraint and Care in Designating Material for Protection**. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents, items, or oral or written communications that qualify, so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. For ESI, databases, data tables, database exports, information structures, spreadsheets, load files, repositories, or other structured data, however, a designating party may designate Protected Material by reasonable production-level methods, including by database, table, field, record range, export, file, production folder, metadata field, load-file field, slipsheet, or cover letter, so long as the method reasonably identifies the material being designated. A designating party is not required to designate underlying data on an item-by-item, field-by-field, or record-by-record basis where doing so would be impracticable, provided that the designation is reasonably tailored to the material that qualifies for protection. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing or correcting the mistaken designation and, if necessary and proportional, reproduce or otherwise reasonably identify any materials so that they reflect the corrected designation.

5.2 **Manner and Timing of Designations**. Except as otherwise provided in this agreement (see, e.g., Section 5.3 below), or as otherwise stipulated or ordered, disclosure of discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the designating party must affix the word "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" on each page of the document if feasible. For ESI produced in native format or by database export, table, spreadsheet, load file, repository, or other production unit for which page-level legends are impracticable, the designating party may designate the material by filename, metadata, production folder, cover letter, slipsheet, load-file field, or other reasonable production-level method that clearly communicates the designation.

(b) Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Protected Material under this agreement. Until the expiration of the 15-day period for designation, any deposition transcript shall be treated as if it had been designated Protected Material in its entirety, unless otherwise agreed. Entire deposition transcripts should rarely, if ever, be designated as Protected Material.

If a party or non-party desires to protect Protected Material at trial, the issue should be

addressed during the pre-trial conference.

(c) Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" or otherwise clearly communicate to the receiving party the confidentiality designation. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information, documents, or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 **Timing of Challenges**. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 **Meet and Confer**. The parties must make every attempt to resolve any dispute regarding confidential designations without Court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without Court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting, videoconference, or a telephone conference.

6.3 **Judicial Intervention**. If the parties cannot resolve a challenge without Court

intervention, the designating party should follow the Court's procedures regarding discovery disputes, including if necessary by filing and serving a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

**7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR PROCEEDINGS**

If a party is served with a subpoena, discovery request, or a court order issued in other litigation, regulatory, or other proceedings that compels disclosure of any Protected Material that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena, discovery request, or court order;;

(b) promptly notify in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all of the material covered by the subpoena, discovery request, or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Protected Material may be affected.

If the designating party timely seeks a protective order or other relief in the issuing court or tribunal, the party served with the subpoena, discovery request, or court order shall not produce any Protected Material before a determination by the issuing court or tribunal, unless the party has obtained the designating party's written permission. Nothing in this Section should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court, agency, or tribunal.

**8. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

**THIS LITIGATION**

The terms of this Order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" and "ATTORNEY'S EYES ONLY." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

In the event that a valid discovery request would require the responding party to produce a non-party's confidential information in the responding party's possession, custody, or control, but the non-party's confidential information is covered by a confidentiality agreement between the responding party and the non-party, then the responding party shall:

(a) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b) promptly provide the non-party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, or such other period as agreed to by the requesting party and the responding party, then the responding party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely objects or seeks a protective order, the responding party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court.

In the event that a valid discovery request would require the responding party to produce a non-party's confidential information in the responding party's possession, custody, or control, that was produced to the responding party pursuant to a protective order in another case, then the responding party shall promptly provide written notice to the requesting party and the non-party

that some or all of the information requested is subject to a protective order in another case. The terms of the protective order in the other case shall control as to the discovery request directed at the responding party. However, nothing herein shall prohibit the requesting party in this litigation from issuing a subpoena to the non-party. As to any subpoena issued to a non-party, this Order, and not any order entered in another matter shall control.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, Protected Material has been disclosed to any person or in any circumstance not authorized under this agreement by the receiving party's action or inaction, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL; RULE 502(d) CLAWBACK**

Pursuant to the parties' stipulation under Fed. R. Evid. 502(d), a producing party must notify the receiving party promptly, in writing, upon discovery that privileged or work-product protected documents or ESI have been produced. Upon receiving written notice from the producing party that privileged and/or work-product protected documents or ESI have been produced, all such material, and all copies thereof, shall be returned to the producing party, sequestered, or destroyed within ten (10) calendar days of receipt of such notice and the receiving party shall not use such material for any purpose, and shall not use information derived from such material for any purpose other than asserting a good-faith challenge to the claim of privilege or work product, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the material in hard copy or electronic format, including any material loaded to databases, and will transmit a clawback

notice to individuals or entities other than counsel to whom the instant material has been, or might have been, disclosed. If there is no dispute over the claim of privilege or work product or if any dispute is resolved in favor of the producing party, a receiving party shall use its best efforts to immediately destroy the portions of analyses, memoranda, or notes internally generated by a receiving party that are based upon such produced materials.

A receiving party may challenge a claim of privilege or protection, but may not argue that production or disclosure itself, the producing party's pre-production review, the timing of a clawback notice, or any alleged failure to satisfy Fed. R. Evid. 502(b) waived or forfeited the privilege or protection. In any such challenge, the producing party retains the burden to establish that the material is privileged or protected, but need not establish that the production or disclosure was inadvertent or that it took reasonable steps to prevent or rectify the production or disclosure.

**11. NON-TERMINATION AND RETURN OF PROTECTED MATERIAL**

Within 60 days after the termination of this action, including all appeals, each receiving party must return to the producing party or destroy all Protected Material, including all copies, extracts, and summaries thereof, and must take reasonable steps to ensure that any experts, consultants, vendors, mock jurors, trial consultants, and other authorized recipients have done the same. Upon written request by the producing party, the receiving party must provide a written certification by counsel confirming that return or destruction has been completed and identifying any categories of materials retained under the archival-copy exception below.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any retained archival copy remains subject to this Order, must be stored securely, and may not be used for any purpose other than record retention, enforcing this Order, or complying with counsel's professional obligations.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**12. USE OF ARTIFICIAL INTELLIGENCE**

Should a Party elect to utilize artificial intelligence ("AI") to assist in reviewing, analyzing, or summarizing discovery material produced or exchanged in this litigation, the Party shall take all necessary steps to ensure that the application, service, or analytical software is fully containerized. "Fully containerized," as used in this Order, means an AI tool that does not retain the substance of a prompt or documents reviewed, share the substance of a prompt or documents reviewed for training of large language models, or use the substance of a prompt or documents reviewed in any other matter or inquiry other than this litigation. For the avoidance of doubt, this restriction expressly applies to the use of non-containerized advanced large language models (such as publicly available large language models), generative AI tools, and other advanced AI systems, including, but not limited to, OpenAI, Gemini, LLAMA, MidJourney, and Stable Diffusion, but this provision does not limit the use of services leveraging the technology underlying these generative AI tools in a fully containerized environment, including, but not limited to, Copilot Harvey, Relativity aiR, DISCO Cecelia, Everlaw AI, Syllo, Alchemy, Lexis+ AI, Epiq AIDA, Lighthouse AI, Westlaw AI, ChatGPT Enterprise, Microsoft 365 Copilot Enterprise, Claude Enterprise, NotebookLM Pro and Ultra, and Gemini Pro and Ultra. Before submitting any Protected Material to a fully containerized AI tool, a receiving party shall ensure that it (or its vendor) can delete all such Protected Material from the AI tool at the conclusion of this matter, including any derivative information stored within the tool. The obligations and restrictions of this paragraph apply even where the Protected Material has been anonymized.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of October, 2026

*s/ Kaleigh N. Boyd*
Kaleigh N. Boyd, WSBA No. 52684
**MCNAUL EBEL PLLC**
600 University St., Suite 2700
Seattle, Washington 98101-3143
Telephone: +1.206.389.9332
kboyd@mcnaul.com

Edwin J. Kilpela, Jr.*
James Lamarca*
**WADE KILPELA SLADE LLP**
6425 Living Place, Suite 200
Pittsburgh, PA 15206
Telephone: +1.412.314.0515
ek@waykayslay.com

Evan E. North*
**North Law PLLC**
1900 Market Street, Suite 800
Philadelphia, PA 19103
Telephone: +1.202.921.1651
evan@northlawpllc.com

E. Michelle Drake*
John G. Albanese*
James Hannaway*
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Tel: 612-594-5999
Fax: 612-584-4470
emdrake@bergermontague.com
jalbanese@bergermontague.com
jhannaway@bergermontague.com

*Attorneys for Plaintiff and the Proposed Class*

*pro hac vice

*s/ Erin K. Earl*
Erin K. Earl, WSBA No. 49341
Susan D. Fahringer, WSBA No. 21567
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000
EEarl@perkinscoie.com
SFahringer@perkinscoie.com

*Attorneys for Defendant Chime Financial, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production or disclosure of any documents, ESI, metadata, testimony, information, or portions thereof in this proceeding, whether inadvertent or otherwise, shall not constitute or be deemed a waiver or forfeiture in this proceeding or in any other federal or state proceeding of any privilege or protection, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d), and the waiver analysis under Fed. R. Evid. 502(b) shall not apply to any production or disclosure covered by this Order. A producing party need not establish inadvertence, reasonable steps to prevent disclosure, or prompt or reasonable steps to rectify disclosure to obtain return, destruction, sequestration, or other appropriate relief for privileged or protected material. These protections apply regardless of whether the material was reviewed before production, logged as privileged, produced without redactions, produced with insufficient or inconsistent redactions, downgraded from a prior privilege designation, or produced pursuant to any ESI protocol, discovery agreement, or other production procedure. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, metadata, or information for relevance, responsiveness, confidentiality, privilege, work product, or other protection before production. Upon notice that information produced in discovery is subject to a claim of privilege or other protection, the receiving party shall promptly comply with Fed. R. Civ. P. 26(b)(5)(B).

DATED: October 6, 2026

Kymberly K Evanson

Hon. Kymberly K. Evanson
United States District Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, ______________________________________ [print or type full name], of ______________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *White v. Chime Financial, Inc.*, Case No. 25-cv-01361-KKE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:__________________________

City and State where sworn and signed:______________________________

Printed name:___________________

Signature: _____________________